IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

UNITED STATES OF AMERICA             PLAINTIFF/RESPONDENT

V.             Criminal No. 15-50069

CARLOS ANTONIO SIBRIAN-GUERRA             DEFENDANT/MOVANT

MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Currently before the undersigned is Defendant's pro se **28 U.S.C. § 2255 motion** and the Government's Response (Docs. 21, 27). The undersigned, being well and sufficiently advised, finds and recommends as follows:

1.      On October 14, 2015, the Defendant waived indictment and pled guilty to an information, charging him with illegal reentry, in violation of 8 U.S.C. § 1326(a). (Docs. 8, 9, 11.) The presentence investigation report (Doc. 16) assessed an 8-level enhancement pursuant to U.S.S.G. § 2L1.2(b)(1)(C) based on Defendant having a prior conviction for an aggravated felony. Specifically, Defendant had a prior state court conviction for Forgery 1st Degree, which is defined as an aggravated felony under 8 U.S.C. § 1101(a)(43)(R). (Doc. 16 ¶¶ 14, 22.) On February 9, 2016, Defendant was sentenced to 28 months imprisonment. (Doc. 19.) He did not file a direct appeal.

2.      In the § 2255 motion now before the Court, Defendant asserts that the "PSR and the district court apparently concluded that [his prior conviction] qualified as an 'aggravated felony' . . . on the ground that it fell within the definition of a 'crime of violence' as defined in 8 U.S.C. § 16." (Doc. 21 at pg. 2.) Defendant asserts that under Johnson v.

United States, 135 S. Ct. 2551 (2015), § 16(b)'s statutory definition of "crime of violence" is unconstitutionally vague.

3. In Johnson, the Supreme Court held that the Armed Career Criminal Act violated the constitutional prohibition against vague criminal statutes by including in the definition of "violent felony" any crime that "otherwise involves conduct that presents a serious potential risk of physical injury to another." 18 U.S.C. § 924(e)(2)(B). Section 16(b) contains a similar definition: a "crime of violence" is "any other offense that is a felony and that, by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense." The Supreme Court has granted certiorari in Lynch v. Dimaya, 803 F.3d 1110 (9th Cir., 2015), cert. granted 137 S. Ct. 31 (2016), a case in which the Ninth Circuit held that this definition in § 16(b) was void for vagueness.

4. The Defendant does not have a viable Johnson claim. The Defendant is apparently under the mistaken impression that his prior forgery conviction was considered an aggravated felony because it was a crime of violence under 8 U.S.C. § 1101(a)(43)(F), which refers to the definition of crime of violence in 18 U.S.C. § 16. This is incorrect. The Defendant's prior forgery conviction was considered an aggravated felony, not because it was a crime of violence, but because § 1101(a)(43)(R) specifically lists forgery as an aggravated felony. Accordingly, the 8-level aggravated felony enhancement was properly applied at sentencing and the Defendant is not entitled to relief under Johnson.

5. Based on the foregoing, the undersigned recommends DENYING Defendant's **28 U.S.C. § 2255 motion** (Doc. 21).

6.  An appeal may not be taken in this matter unless the Court issues a certificate of appealability, which shall be issued only if "the applicant has made a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(b) & (c)(2).  A "substantial showing" is a showing that "issues are debatable among reasonable jurists, a court could resolve the issues differently, or the issues deserve further proceedings." Cox v. Norris, 133 F.3d 565, 569 (8th Cir. 1997), cert. denied, 525 U.S. 834 (1998).  Based upon the above analysis of Defendant motion, the undersigned does not believe that there is any basis for the issuance of a certificate of appealability and, therefore, recommends, that a certificate of appealability be denied.

7.  **The parties have fourteen days from receipt of the report and recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1). The failure to file timely objections may result in waiver of the right to appeal questions of fact.  The parties are reminded that objections must be both timely and specific to trigger de novo review by the district court**.

DATED June 26th day of July, 2017.

/s/ *Erin L. Wiedemann*
    HON. ERIN L. WIEDEMANN
    UNITED STATES MAGISTRATE JUDGE